# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| GULF UNDERWRITERS INSURANCE COMPANY,<br><br>     Plaintiff,<br><br>v.<br><br>LOWELL P. BURRIS, JOYCE P. BURRIS, VERSA PRODUCTS, INC., AND G AND L PRODUCTS, INC.,<br><br>     Defendants. | Civil No. 08-1292 (JRT/JJK)<br><br><br>**ORDER** |

  Thomas A. Gilligan, Jr. and Nicholas J. O'Connell, **MURNANE BRANDT, PA**, 30 East Seventh Street, Suite 3200, St. Paul, MN 55101, for plaintiff.

  Thomas F. Handorff, **HANDORFF LAW OFFICES, P.C.**, 1660 South Highway 100, Suite 500, St. Louis Park, MN 55416, for defendants Lowell P. Burris and Joyce P. Burris.

  Reversing this Court's grant of summary judgment for Plaintiff Gulf Underwriters Insurance Company ("Gulf"), the Eighth Circuit remanded with instructions to dismiss this action with prejudice and invited the Court to entertain a motion for costs and attorneys' fees. (Op. at 10, Mar. 27, 2012, Docket No. 72.) Defendants Lowell P. Burris and Joyce P. Burris moved under 28 U.S.C. § 1927 to recover the excess costs, expenses, and attorneys' fees stemming from Gulf's allegedly unreasonable and vexatious conduct in litigating this action. (Mot., June 1, 2012, Docket No. 79.) The Court will deny the Burrises' motion, and, pursuant to the Eighth Circuit's direction, dismiss this action with prejudice.

Sanctions under section 1927 are appropriate "when attorney conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *E.g.*, *Lee v. First Lenders Ins. Servs., Inc.*, 236 F.3d 443, 445 (8th Cir. 2001) (quotation marks and citation omitted).[1] The Court finds no evidence in the record that Gulf "unreasonably and vexatiously" multiplied these proceedings or that Gulf's conduct evinced an intentional or reckless disregard for its duties to the Court. Moreover, as the Eighth Circuit recognized, under applicable Wisconsin law a declaratory judgment action is a perfectly acceptable procedural avenue through which to seek resolution of a coverage dispute where the insured was not joined in the underlying action. *Fire Ins. Exch. v. Basten*, 549 N.W.2d 690, 696 (Wis. 1996) ("[W]e conclude that where the insurance coverage involves a party not named in the underlying lawsuit, coverage may be determined by utilization of either a bifurcated trial or a separate declaratory judgment action."). The Court finds that Gulf's conduct in pursuing a declaratory judgment does not merit sanctions under Section 1927.[2]

**ORDER**

Based upon the foregoing, the submissions of the parties, the arguments of counsel and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that Defendants'

---

[1] "Any attorney or other person . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

[2] As the Court notes in its Order on Gulf's motion to intervene in the liability case, however, the Court reserves the possibility of exercising its inherent power at a later stage to award fees in connection with the unexpected additional litigation of coverage issues in the wake of the Eighth Circuit's opinion.

Joyce P. Burris and Lowell P. Burris motion for attorneys' fees [Docket No. 79] is **DENIED**. Pursuant to the Eighth Circuit's direction [Docket No. 72], this action is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

DATED: September 4, 2012  
at Minneapolis, Minnesota.

                                               s/ John R. Tunheim  
                                                JOHN R. TUNHEIM  
                                            United States District Judge